FILED

OCT 29 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP GONZALES, | No. C 14-03018 BLF (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| B. HEDRICK, et. al., | |
| Defendants. | |

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement.[1] Plaintiff's motion for leave to proceed *in forma pauperis*, (Docket No. 5), will be granted in a separate order.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was transferred to this Court from the Eastern District of California for lack of jurisdiction. (Docket No. 2.)

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.14\03018Gonzales_dwlta.wpd        1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff's entire statement of claim is as follows: "From R. C. prison did in fact had prior knowledge [of] confidential enemy concerns placing immediate threat health and safety in serious danger by placing a known documented enemy together [*sic*]." (Compl. at 5.) Plaintiff's desired relief is "to receive adequate medical care and to receive monetary damage for not protecting prisoner as there [*sic*] own policy of CDCR criminal practice procedure title 15 and operational manual stated on its merits." (*Ibid.*) As defendants, Plaintiff names Warden B. Hedrick, "John Doe" and "Dave Doe." (*Id.* at 4.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g.*, *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to pleading policy or custom for claims against local government entities); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff's complaint fails to meet the minimum pleading requirements to state a § 1983 claim. At a minimum, he must provide sufficient underlying facts to give Defendants fair notice of the claims against them, *e.g.*, what specific federal rights were violated, when the alleged violations occurred, and how each defendant was responsible for the violations. *Erickson*, 551 U.S. at 93. Plaintiff fails to show at a minimum how Defendant Hedrick acted to violate his Constitutional rights. Specific facts, such as the date and location of the underlying incident and Defendant's personal actions, must be alleged in order to allow Defendant to properly defend. This action cannot proceed otherwise. Plaintiff shall be granted leave to amend to attempt to cure these deficiencies.

In amending his complaint, Plaintiff is advised that liability may be imposed on an

individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

With respect to the "Doe" Defendants, although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendants John Doe and Dave Doe are DISMISSED from this action. If through discovery Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990).

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 14-03018 BLF (PR). If using the court form complaint, Plaintiff must answer all the questions on the form in order for the

1 | action to proceed.

2 | **Failure to respond in accordance with this order in the time provided will
3 | result in the dismissal of this action without prejudice and without further notice to
4 | Plaintiff.**

5 | The Clerk shall include two copies of the court's complaint with a copy of this
6 | order to Plaintiff.

7 | **IT IS SO ORDERED.**

9 | DATED: 10-29-2014

BETH LABSON FREEMAN
United States District Judge