IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIP GONZALES,

Plaintiff,

v.

B. HEDRICK, et. al.,

Defendants.

No. C 14-03018 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. §.[1] Plaintiff's complaint was dismissed with leave to amend for failing to meet the minimum pleading requirements to state a § 1983 claim. (Docket No. 6 at 3.) Plaintiff's amended complaint is now before the Court for an initial review. (Docket No. 9.)

**DISCUSSION**

**A. <u>Standard of Review</u>**

A federal court must conduct a preliminary screening in any case in which a

[1]This matter was transferred to this Court from the Eastern District of California for lack of jurisdiction. (Docket No. 2.)

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. <u>Plaintiff's Claims</u>**

1. Background

From February 18, 2011 through April 12, 2011, Plaintiff stood trial for second-degree murder with co-defendant Michael Armstrong. (Am. Compl. at 2.) Plaintiff's pre-trial statements were used to implicate and convict Armstrong. (*Id.*) On February 18, 2011, Armstrong threatened Plaintiff: "I'm gonna get you, you fucker snitch." (*Id.*)

When Plaintiff was received by the California Department of Corrections ("CDC") at Deuel Vocational Institution ("DVI") on July 12, 2011, he immediately asked for protective custody from Armstrong due to Armstrong's threats. (Am. Compl. at 3.) The DVI Receiving & Release ("R&R") sergeant, whom Plaintiff refers to as "Dave Doe," placed Plaintiff in a single cell and explained that a correctional counselor would fill out CDC Form 812 (Non-Confidential Enemies Form / Notice of Critical Case Information) identifying Plaintiff and Armstrong as enemies and that Plaintiff and Armstrong would never be housed in the same prison. (*Id.*)

On or about December 16, 2011, Plaintiff was transferred to North Kern State Prison ("NKSP"). (Am. Compl. at 4.) He notified the NKSP R&R sergeant of his enemy concerns regarding Armstrong and was placed on Sensitive Needs Yard ("SNY"") status,

which allows for housing in protective custody. (*Id.*)

On January 27, 2012, Plaintiff was interviewed by Correctional Counselor Terray who informed him that his CDC Form 812 had not been completed by the DVI staff. (Am. Compl. at 4.) Terray then assured Plaintiff that the CDC Form had since been fully completed and placed in Plaintiff's C-file, and that Plaintiff would never be housed in the same institution as Armstrong. (*Id.*)

On or about March 19, 2012, Plaintiff was non-adversely transferred to Ironwood State Prison ("ISP"). (Am. Compl. at 4.) On or about April 12, 2012, ISP's Unit Classification Committee determined that ISP could not provide Plaintiff with the appropriate level of mental health care and transferred him to Salinas Valley State Prison ("SVSP"). (*Id.*)

On or about May 2, 2012, Plaintiff was non-adversely transferred to SVSP and granted SNY status. (Am. Compl. at 4.) On or about May 25, 2012, Plaintiff appeared before the SVSP UCC, which was staffed by Facility Captain Joe Doe, Recorder James Doe, and Correctional Counselor II/I Jim Doe. (*Id.*) The SVSP UCC determined that Plaintiff was appropriately housed at SVSP and reviewed; noted Plaintiff's CDC Form 812; and approved Plaintiff's continued housing at SVSP SNY. (*Id.* at 5.) SVSP Associate Warden also approved Plaintiff's continued housing at SVSP SNY. (*Id.*)

On August 3, 2012, Plaintiff was assaulted in the afternoon yard by Armstrong for three to four minutes before prison staff stopped the assault. (Am. Compl. at 5.)

On August 8, 2012, Plaintiff was issued a disciplinary rules violation report ("RVR") for fighting with Armstrong on August 3, 2012. (Am. Compl. at 5.) Plaintiff was found guilty of fighting on August 13, 2012, and assessed 90 days forfeiture of behavior credits; placed in Privilege Group C from August 13, 2012 to November 11, 2013; loss of all visits, phone privileges, dayroom use, special purchases, and quarterly packages; and the addition of six points of his custody score sheet. (*Id.* at 5-6.)

2. Legal Claims

Plaintiff brings suit against four Doe defendants whom he identifies only by

position and title. Specifically he alleges that the following individuals violated his constitutional rights: John Doe, SVSP Associate Warden; Joe Doe, SVSP UCC Facility Captain and Chairman on May 25, 2012; Jim Doe, SVSP Correctional Counselor II/I and UCC member on May 25, 2012; and James Doe, SVSP Recorder and UCC member on May 25, 2012. (Am. Compl. at 6.) Plaintiff has provided a mailing address and phone number for the Doe defendants. (*Id.*)

The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968). Moreover, the use of Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. A plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. The court will not appoint an investigator or counsel to assist Plaintiff in learning the names of the Doe defendants. Plaintiff must provide the true names for each of the John Doe defendants no later than May 19, 2015, or show good cause for his failure to name them (e.g., by showing each and every step he took to learn their names).

          a)     Due Process Claim

Plaintiff alleges that Defendants violated his due process rights under the Fourteenth Amendment by failing to ensure that he and Armstrong were housed at separate facilities; by issuing him an RVR for assault when he was merely defending himself; and by finding him guilty of fighting and not taking into account his defense. These allegations fail to state cognizable due process claims.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570–71 (1972); *Mullins v. Oregon*, 57 F.3d 789,

795 (9th Cir. 1995). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998).

The Due Process Clause requires certain minimum procedural protections for prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556–57, 571–72 n.19 (1974). An inmate must be provided with written notice of the charges and be provided with a brief period of time after the notice to prepare before the appearance before the disciplinary board. *Id.* at 564. The factfinders must provide a written statement as to the evidence relied on and the reasons for the disciplinary action. *Id.* Also, the inmate should be allowed to call witnesses and present documentary evidence if it is not unduly hazardous. *Id.* at 566. Finally, if the inmate is illiterate or the issues complex, the inmate is free to seek the aid of a fellow inmate or have adequate substitute aid from the staff. *Id.* at 570. Substantive due process requires that the findings of the prison disciplinary board are supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Due process does not require prison officials to acknowledge, respond to, or include the prisoner's defense in arriving at a guilty finding. There simply must be some evidence in the record to support the guilty finding.

Finally, the due process clause does protect prisoners from wrongfully issued RVRs. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

Plaintiff's claim regarding Defendants' failure to keep Plaintiff and Armstrong housed separately does not allege any governmental deprivation of his life, liberty or property. Plaintiff was not denied fundamental procedural fairness or substantive due process guarantees with respect to Plaintiff and Armstrong being housed together. This claim therefore fails to state a cognizable due process claim.

Plaintiff's claim that his guilty finding failed to take into account his defense also fails to state a due process violation. Plaintiff does not deny that some evidence supported the guilty finding and that he received the other procedural due process requirements.

Finally, Plaintiff's claim that he was wrongfully issued an RVR also fails to state a cognizable due process claim. There is no constitutional immunity from being falsely or wrongly accused of a rules violation report, and Plaintiff has not alleged a cognizable claim that his due process rights were violated in the disciplinary hearing.

In addition, Plaintiff fails to show how Facility Captain Joe Doe, Correctional Counselor Jim Doe, and Recorder James were involved in placing Armstrong at SVSP. He also fails to how any Defendant was involved in the issuance of the RVR and the guilty finding. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). Plaintiff has failed to do so here.

Accordingly, Plaintiff has failed to state a cognizable due process claim.

      b)    Eighth Amendment Claim

Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from assault when they failed to take "minimum and appropriate measures" to ensure that Armstrong was housed in a separate facility from Plaintiff. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the

prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). To meet the subjective prong of an Eighth Amendment violation, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* at 837. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id.* at 842; *see also Robins v. Meecham*, 60 F.3d 1436, 1439–40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate). A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567–68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim).

Plaintiff has failed to allege that Defendants possessed the sufficiently culpable state of mind, i.e., that Defendants knew of and disregarded an excessive risk to Plaintiff's safety. He only alleges that each Defendant knew of his enemy concerns due to a May 25, 2012 classification hearing. There is no allegation that Armstrong was already housed at SVSP at this time and that Defendants disregarded Armstrong's housing placement when approving Plaintiff's continued housing at SVSP SNY. To the extent that Armstrong was housed at SVSP SNY after Plaintiff arrived there, there is no allegation that these Defendants were responsible for Armstrong's housing placement. Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim. This claim is dismissed with leave to amend to attempt to correct these deficiencies and state a cognizable claim.

        c)     First Amendment Claim

Plaintiff alleges that Defendants violated his First Amendment right to petition the government for redress when they referred his staff misconduct complaint to the prison

hiring authority and thereby rendered Plaintiff unable to exhaust administrative remedies with respect to his staff misconduct claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, he obligation to exhaust persists only as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citation and internal quotation marks omitted). A prisoner need not exhaust further levels of review if he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. *Brown*, 422 F.3d at 935. For example, an inmate complaining about staff misconduct need not exhaust further levels of review upon being deemed to have exhausted all available remedies, because once an investigation had been ordered at the second formal level under California's "staff complaint" process, the authorities lacked any remaining authority to act on the subject of the complaint. *Brown*, 422 F.3d at 937–40 (citing *Booth v. Churner*, 532 U.S. 731, 736 n.4 (2001)).

Plaintiff alleges that Defendants denied him access to the courts when they referred his staff misconduct grievance to the hiring authority at the second level of review. He alleges that this referral prevented him appealing to third, and final, level of review, which is generally required to exhaust one's administrative remedies. *See* Cal. Code Regs. tit. 15, §§ 3084.1(b); 3084.7. Plaintiff has failed to state a cognizable First Amendment claim. Plaintiff's claim of denial of access to the courts appears to be speculative. He does not reference any case regarding this specific instance of staff

misconduct where he was denied relief for failure to exhaust administrative remedies. This claim is DISMISSED with to amend to attempt to correct this deficiency and state a cognizable claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend Plaintiff's Eighth Amendment and First Amendment claims, as discussed above.

2. By May 19, 2015, Plaintiff shall file a second amended complaint using the court's form complaint. The second amended complaint must include the caption used in this order and the words "SECOND AMENDED COMPLAINT" on the first page, as well as the case number for this action, Case No. C 14-03018 BLF (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

3. If Plaintiff has not provided the true names for the Doe defendants on the second amended complaint, he must show good cause for his failure to name them.

4. **Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: April 16, 2015

BETH LABSON FREEMAN
United States District Judge