1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  PHILLIP GONZALES,                    )    No. C 14-03018 BLF (PR)
                                         )
12            Plaintiff,                 )    **ORDER OF PARTIAL DISMISSAL
                                         )    AND SERVICE; DIRECTING
13      v.                               )    DEFENDANTS TO FILE
                                         )    DISPOSITIVE MOTION OR NOTICE
14                                       )    REGARDING SUCH MOTION;
    B. HEDRICK, et al.,                  )    INSTRUCTIONS TO CLERK**
15                                       )
              Defendants.                )
16                                       )
                                         )
17  ─────────────────────────────────── )

18          Plaintiff, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C.

19  § 1983 against Salinas Valley State Prison officials where he was previously incarcerated.

20  Plaintiff's third amended complaint, ("TAC" hereafter), is before the Court for an initial

21  review. (Docket No. 18.)

22

23                              **DISCUSSION**

24  **A.      Standard of Review**

25          A federal court must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27  governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify

28  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1 | claim upon which relief may be granted or seek monetary relief from a defendant who is

2 | immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be

3 | liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

4 | 1990).

5 |       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6 | elements: (1) that a right secured by the Constitution or laws of the United States was

7 | violated, and (2) that the alleged violation was committed by a person acting under the

8 | color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9 | **B.**    **Plaintiff's Claims**

10 |       Plaintiff claims that Defendants violated his Eighth Amendment right "to be

11 | protected from assault by other inmates." (TAC, Attach. at 5.) Specifically, he states that

12 | he repeatedly and consistently informed officials that a specific inmate posed a threat to

13 | his safety but that they were nevertheless placed in the same housing area where the

14 | inmate assaulted and injured Plaintiff. (Id. at 5-6.) Plaintiff also alleges that Defendants

15 | failed to properly document his enemy concern. Liberally construed, Plaintiff's

16 | allegations are cognizable under the Eighth Amendment, *see Farmer v. Brennan*, 511

17 | U.S. 825, 832 (1994) (prison officials must take reasonable measures to guarantee the

18 | safety of prisoners).

19 |       As a result of the altercation with the other inmate, Plaintiff was issued a Rules

20 | Violation Report for "fighting resulting in the use of force." (TAC, Ex. E.) Plaintiff was

21 | found guilty and assessed 90 days forfeiture of credits. (Id.) Plaintiff claims that

22 | Defendants violated his due process rights during this hearing because he was not

23 | permitted to present evidence and was denied the assistance of an investigator. (TAC,

24 | Attach. at 1-2.) Plaintiff wants the guilty finding to be reversed, the RVR to be purged

25 | from his file, and the restoration of his good time credits. Because the success of this

26 | claim would likely entitle Plaintiff to earlier release, it must be filed as a habeas petition.

27 | *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (a parole or time credit claim

28 | that does affect the legality or duration of a prisoner's custody, and a determination of

1    which may likely result in entitlement to an earlier release, must be brought in habeas);

2    *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267,

3    1269 (9th Cir. 1989); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003)

4    (implying that claim, which if successful would "necessarily" or "likely" accelerate the

5    prisoner's release on parole, must be brought in a habeas petition). Accordingly, this

6    claim is **DISMISSED** without prejudice to filing in a separate habeas action.

7        Plaintiff also claims that Defendants violated his procedural and substantive due

8    process rights by refusing to respond to his requests for the status of his grievances.

9    (TAC, Attach. at 3.) However, California Code of Regulations, title 15 sections 1073

10    and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the

11    right to have a prison appeal. The regulations simply require the establishment of a

12    procedural structure for reviewing prisoner complaints and set forth no substantive

13    standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit.

14    15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for

15    filing an appeal," *id.* § 3084.1(d). A provision that merely provides procedural

16    requirements, even if mandatory, cannot form the basis of a constitutionally cognizable

17    liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also*

18    *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is

19    procedural right that does not give rise to protected liberty interest requiring procedural

20    protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

21    (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). A prison

22    official's failure to process grievances, without more, accordingly is not actionable under

23    § 1983. *See Buckley*, 997 F.2d at 495; *see also Ramirez*, 334 F.3d at 860 (holding that

24    prisoner's claimed loss of a liberty interest in the processing of his appeals does not

25    violate due process because prisoners lack a separate constitutional entitlement to a

26    specific prison grievance system). Accordingly, this claim is **DISMISSED** with

27    prejudice for failure to state a claim.

28    ///

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the third amended complaint, (Docket No. 18), all attachments thereto, and a copy of this order upon **Defendants Warden B. Hedrick, Capt. E. Medina, S. Hjelden, and K. McKelroy** at **Salinas Valley State Prison,** (P.O. Box 1050, Soledad, CA 93960). The Clerk shall also mail a copy of this Order to Plaintiff.

The only claim proceeding in this action is Plaintiff's Eighth Amendment claim against the above named Defendants. All other claims having been dismissed, all other defendants are **DISMISSED** from this action. The Clerk shall terminate them from the docket.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

1    3.    No later than **ninety (90) days** from the date of this order, Defendants shall

2  file a motion for summary judgment or other dispositive motion with respect to the claims

3  in the complaint found to be cognizable above.

4          a.    Any motion for summary judgment shall be supported by adequate

5  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

6  Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

7  qualified immunity found, if material facts are in dispute.  If any Defendant is of the

8  opinion that this case cannot be resolved by summary judgment, he shall so inform the

9  Court prior to the date the summary judgment motion is due.

10          b.    **In the event Defendants file a motion for summary judgment, the**

11  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

12  **warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See***

13  ***Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

14    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

15  and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

16  motion is filed.

17          Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

18  and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary

19  judgment must come forward with evidence showing triable issues of material fact on

20  every essential element of his claim).  Plaintiff is cautioned that failure to file an

21  opposition to Defendants' motion for summary judgment may be deemed to be a consent

22  by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

23  without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam);

24  *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

25    5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after

26  Plaintiff's opposition is filed.

27    6.    The motion shall be deemed submitted as of the date the reply brief is due.

28  No hearing will be held on the motion unless the Court so orders at a later date.

1       7.     All communications by the Plaintiff with the Court must be served on

2 Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

3 copy of the document to Defendants or Defendants' counsel.

4       8.     Discovery may be taken in accordance with the Federal Rules of Civil

5 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

6 Local Rule 16-1 is required before the parties may conduct discovery.

7       9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

8 court informed of any change of address and must comply with the court's orders in a

9 timely fashion.  Failure to do so may result in the dismissal of this action for failure to

10 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11     10.    Extensions of time must be filed no later than the deadline sought to be

12 extended and must be accompanied by a showing of good cause.

13     11.    The Clerk shall enclose two copies of the court's form petition with a copy

14 of this order to Plaintiff.

15    **IT IS SO ORDERED.**

16

17 DATED: Jan 4, 2016

                          BETH LABSON FREEMAN
                          United States District Judge